JULIA NORTON, administratrix, *vs.* DAVID J. SEWALL.

If an apothecary negligently sells a deadly poison as and for a harmless medicine, to A.,
who buys it to administer to B. and gives B. a dose of it, as a medicine, from which he
dies in a few hours, a right of action in tort against the apothecary survives to B.'s
administrator.

TORT, by the administratrix of the estate of Thomas Norton.
The declaration alleged " that the defendant, on or about August
19, 1869, was, and for a long time prior thereto had been, an
apothecary in Boston, engaged in the selection, preparation, com-
pounding and sale of drugs and medicines, and held himself out
to the public as possessed of the requisite care, skill and knowl-
edge to safely prosecute said business ; that, on said August 19,
Charles S. Patten applied to the defendant for a certain quantity
of the tincture of rhubarb, a well known, simple and harmless
medicine, with the intent to cause a portion of the same to be
administered to said Thomas Norton as a medicine ; that the de-
fendant, by his servant, then unlawfully, carelessly and negli-
gently sold and delivered to the said Patten, as and for the
tincture of rhubarb, two ounces of the tincture of opium, other-
wise called laudanum, a dangerous and deadly poison, and la-
belled the same rhubarb ; and that the said Patten, believing the
laudanum so sold and delivered to him to be rhubarb, and that a
portion of the same would be beneficial to the said Thomas Nor-
ton, thereafterwards, on the same day, caused a fatal dose of the
same to be administered to said Norton, from the effects of which
the said Norton suffered great pain, distress and torture for a
long time, to wit, for the space of six hours, and from the effects
of which he afterwards died."

The answer was a general denial of the allegations of the dec-
laration ; and an allegation " that, if the plaintiff shall offer evi-
dence to show that a servant of the defendant sold and delivered
to said Charles S. Patten any tincture of rhubarb, or tincture of
laudanum labelled as alleged, then he will show that the same
was done without authority and against his express instructions."

At the trial in the superior court, before *Reed*, J., the evidence
tended to show that Thomas Norton was in the employment of

Patten, and on August 19, 1869, was sick with a cold at Patten's shop ; that Patten told him to go home, and said that he would get some medicine and come to his house in the evening and doctor him ; that Patten in the evening of that day went to the shop of the defendant, who was an apothecary, and asked for two ounces of rhubarb, and an attendant there gave him, by mistake, laudanum instead of rhubarb ; that he procured the medicine to administer to Norton ; and that he proceeded with it to Norton's house and there administered about an ounce of the laudanum to him, from the effects of which he died in five or six hours.

The defendant asked for a ruling " that this was a right of action which did not survive to an administrator." But the judge declined so to rule ; and also refused a request of the defendant for a ruling " that there was no privity of contract between the defendant and the deceased, and therefore the action could not be maintained." The jury found for the plaintiff, with damages in the sum of $450 ; and the defendant alleged exceptions.

*C. Sewall,* for the defendant.

*J. M. Keith,* for the plaintiff.

GRAY, J. Upon the allegations in the declaration, and the statements in the bill of exceptions, the jury must be taken to have found that the defendant, an apothecary, by his servant, negligently sold, as and for tincture of rhubarb, (a well known and harmless medicine,) two ounces of laudanum, a dangerous and deadly poison, to Patten, who procured it for the purpose of administering it, and did administer one ounce of it, as a medicine, to his servant, the plaintiff's intestate, from the effects of which he died. This finding includes a violation of duty on the part of the defendant, and an injury resulting therefrom to the intestate, for which the defendant was responsible, without regard to the question of privity of contract between them. The case is within that of *Thomas* v. *Winchester*, 2 Selden, 397, which has often been recognized and approved by this court. *Davidson* v. *Nichols*, 11 Allen, 514, 519. *McDonald* v. *Snelling*, 14 Allen, 290, 295. *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64.

By the statutes of the Commonwealth, "actions of tort for assault, battery, imprisonment, or other damage to the person,'

survive, and may be prosecuted by the executor or administrator of the party injured. Gen. Sts. *c.* 127, § 1; *c.* 128, § 1. The words " damage to the person," as here used, do not, indeed, extend to torts not directly affecting the person, but only the feelings or reputation, such as breach of promise, slander, or malicious prosecution. *Smith* v. *Sherman*, 4 Cush. 408. *Nettleton* v. *Dinehart*, 5 Cush. 543. But they do include every action, the substantial cause of which is a bodily injury, or, in the words of Chief Justice Shaw in 4 Cush. 413, " damage of a physical character; " whether the connection between the cause and the effect is so close as to support an action of trespass, or so indirect as to require an action on the case, at common law. *Hollenbeck* v. *Berkshire Railroad Co.* 9 Cush. 478. *Demond* v. *Boston*, 7 Gray, 544.

In *Cutting* v. *Tower*, 14 Gray, 183, cited for the defendant, the action which was held not to come within the Rev. Sts. *c.* 93, § 7. declaring that actions for damage done to real and personal estate should survive, was an action for deceit in selling poisoned meal, and the death of the buyer's horses from eating it was alleged incidentally and by way of aggravation only. It was of such an action, the gist of which was the fraud and deceit, that Mr. Justice Bigelow was speaking, when he remarked in that case, that if the meal had been made into bread for the buyer's family, and thereby occasioned them sickness and suffering, an action would not have survived for an injury to the person. But in the case at bar, the principal, indeed the only, ground of action is the injury caused to the body of the intestate by the defendant's act.

*Exceptions overruled.*