MARIE BISHOP *vs.* FREDERICK E. WEBER.

Suffolk.    March 3, 4. — June 18, 1885.    W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A declaration alleged that the plaintiff attended a ball, having a ticket therefor; that the defendant, who was a caterer, was employed to cater for all who might attend the ball, and to furnish, for all who might wish, good and wholesome food, for a certain sum to be paid therefor by each person who partook of the same; that the defendant undertook and agreed to cater and to furnish good and wholesome food at the ball to whomsoever wished and paid therefor; that the defendant was himself present at the ball, and superintended the catering, and furnished the waiters who supplied the food eaten by each person; that the plaintiff, having a ticket therefor bought of and paid for to the defendant, ate of the food furnished by the defendant, and given to the plaintiff by the defendant's waiters, believing that the same was wholesome and good and safe to be eaten, and had been properly prepared by the defendant; and that the food was not good and wholesome and properly prepared, but was improperly and negligently prepared, and was unwholesome, poisonous, dangerous, and unfit to be eaten, and, by reason thereof, the plaintiff was poisoned and injured. *Held,* on demurrer, that the declaration set forth a good cause of action.

If an action is entitled in the writ one of tort, and the declaration contains only counts in tort, an amendment of the writ, whereby the words " or contract " are inserted after the word " tort," may be disregarded, on demurrer to the writ and declaration.

TORT. Writ dated October 29, 1883. The declaration as originally filed contained two counts. On May 19, 1884, a

demurrer to the declaration was sustained, and no exception or appeal was taken. At the same term, the declaration was amended by adding a third count, and by inserting certain words in the first and second counts. The plaintiff had also leave to amend her writ by adding after the word "tort" the words "or contract, the plaintiff being doubtful to which class of actions this action belongs."

The declaration as amended was as follows:

"1. And the plaintiff says, that, on or about May 7, 1883, she attended, with a large number of others, and whosoever wished and had tickets therefor, a musicians' ball, at the end of the triennial celebration of the Handel and Haydn Society, in Boston, in said county, and had tickets therefor, and was rightly and properly present on that occasion; and she says that the defendant is by profession a caterer, and holds himself out to the public to be skilled in the preparation and compounding of foods and drinks, and claims to furnish the public with good and wholesome food and drink; and the defendant was employed to cater at said ball for all who might attend the same, whether more or less, if they so desired, and to furnish, for all who might wish, good and wholesome food and drink, and to be paid therefor, by each and every person who partook thereof, the sum of $1.25; and the defendant undertook and agreed to cater and furnish good and wholesome food at said ball, to whomsoever wished, and paid as aforesaid; and defendant did do the catering, and was himself present at said ball, and attended to overlooking and superintending the catering on said occasion, and furnished the attendants and waiters for that purpose, who waited upon and furnished the food and drink called for or eaten by each and every person.

"And the plaintiff says, she, having a lawful right to do so, having a ticket therefor purchased from the defendant, and paid for to the defendant, at the price of $1.25, ate of the food furnished by the defendant on that occasion, and given to her by the defendant or his waiters, and the same was partaken of by the plaintiff, trusting and believing that the same was wholesome and good, and safe to be eaten, and had been properly prepared by the defendant; but the plaintiff says said food was not good and wholesome, and properly prepared, but was improperly and

negligently prepared, and was unwholesome, poisonous, dangerous, and unfit to be eaten, and by reason thereof the plaintiff was poisoned and greatly injured, and made very sick, and endured thereby for a long time, even to the present time, great pain and suffering, and was subjected, by reason thereof, to great expense for medical attendance and medicine, and was obliged to have, and did have, nurses to wait upon and attend her in her sickness, and massage treatment; and she further says, by reason thereof, she was not able to attend to her usual and ordinary duties in her profession of music, and was so unable to attend to them for many months, and is still so unable to attend to them, and was lastingly and permanently injured.

" And she further says, that, at the time she was so poisoned and injured, she had made contracts and engagements to sing at concerts and give music lessons, and by reason of said poisoning and sickness she was unable to fulfil her contracts and engagements, and was subjected, by reason thereof, to great pecuniary loss; and she says further, that, by reason thereof, she was obliged to live in a different manner and at a greater expense than she otherwise would have done, not only in having nurses, medicine, and medical attendance, and massage treatment, but to obtain, at a great expense, delicacies she otherwise would not have had to obtain, and to go away to the sea-shore and other places, at great expense, for the recovery of her health.

" 2.  And, for a second and further cause of action, the plaintiff says, that, on or about May 7, 1883, a musicians' ball, at the end of the triennial celebration of the Handel and Haydn Society, was held in Boston; that she attended the same, having a lawful right to do so, with a large number of others, and whoever wished to, and had a ticket therefor; that at said ball refreshments and supper were furnished to all those who wished and had tickets therefor, to wit, supper tickets so called, paid for the same at $1.25 per plate; that the defendant, being a professional caterer, and holding himself out to furnish good and wholesome food and drink, and to be skilled in the preparation of the same, undertook and agreed to do the catering at said ball, and furnish proper, good, and wholesome food and drink for same, to whomsoever wished and had tickets therefor, and paid therefor the sum of $1.25 per plate; and plaintiff says the

defendant did the catering at said ball, and was present and superintended the same, and furnished the attendants and waiters therefor, who waited upon and furnished each and every person who wished for food and drink; and defendant furnished tables and chairs and all things necessary to the catering on said occasion. And the plaintiff says that she, having a lawful right to do so, and having a ticket therefor, partook of the food and drink furnished by the defendant on that occasion, trusting and believing that the same was good and wholesome, and fit and suitable to be eaten, and had been properly and carefully prepared by defendant; but the plaintiff says said food and drink were not good and wholesome and properly prepared, but were improperly and negligently prepared, were poisonous, unwholesome, and unfit to be eaten, and, by reason thereof, the plaintiff was poisoned and greatly injured and made very sick, and endured thereby for a long time, even to the present time, great pain and suffering, and was subjected, by reason thereof, to great expense for medical attendance and medicine, and was obliged to have, and did have, nurses to wait upon and attend her in her sickness, and massage treatment; and she further says, by reason thereof, she was unable to attend to her usual and ordinary duties in her profession of music, and was so unable to attend for many months, and is so unable to attend to them, and was lastingly and permanently injured; and she further says, that, at the time she was so poisoned and injured, she had made contracts and engagements to sing at concerts and give music lessons, and by reason of said poisoning and sickness she was unable to fulfil her contracts and engagements, and was subjected, by reason thereof, to great pecuniary loss; and she says further, that, by reason thereof, she was obliged to live in a different manner and at a greater expense than she otherwise would have done, not only in having nurses, medicines, and medical attendance, and massage treatment, but to obtain, at great expense, delicacies she would not have had to obtain, and to go away to the sea-shore and other places, at great expense, for the recovery of her health.

" 3. And the plaintiff further says, that, on or about May 7, 1883, she attended, with a large number of others, and whosoever wished, the triennial ball of the Handel and Haydn Society,

in Boston, and had a ticket therefor, and was rightly and properly present on that occasion; and she says that the defendant is by profession a caterer, and holds himself out to the public to be skilled in the preparation and compounding of foods and drinks, and claims to furnish the public with good and wholesome food and drink; and the defendant was employed to cater at said ball for all who might attend the same, if they so desired, and to furnish good and wholesome food and drink, and to be paid therefor at the rate of $1.25 a plate, to all who paid for or were furnished with supper tickets, so called; and the defendant undertook to and did do the catering at said ball, and was himself present, attending to overlooking and superintending the catering, and furnished the attendants and waiters therefor, who waited upon and furnished the food and drink for each and every person who partook thereof; and the defendant furnished all the tables and chairs and other things necessary to do the catering on that occasion.

"And the plaintiff says, that supper tickets, so called, were issued on said occasion at $1.25 each, entitling the holder thereof to the supper and refreshments furnished by the defendant on that occasion; and she says she had, or was furnished with, such a ticket; and the $1.25, so paid for said ticket, was paid over to the defendant, and the defendant, in consideration thereof, undertook to and did furnish plaintiff with food and drink on that occasion, and she ate of the same, trusting and believing that the same was wholesome and good, and safe to be eaten, and had been properly prepared by the defendant; but the plaintiff says that said food and drink were improperly and negligently prepared, and were unwholesome, poisonous, dangerous, and unfit to be eaten; and by reason thereof the plaintiff was poisoned and greatly injured, and made very sick, and endured thereby for a long time, even to the present time, great pain and suffering, and was subjected, by reason thereof, to great expense for medical attendance and medicine, and was obliged to have, and did have, nurses to wait upon and attend her in her sickness, and massage treatment; and she further says, by reason thereof, she was unable to attend to her usual and ordinary duties in her profession of music, and so unable to attend for many months, and is still so unable to attend to them, and was lastingly and permanently

injured; and she further says, that, at the time she was so poisoned and injured, she had made contracts and engagements to sing at concerts and give music lessons, and, by reason of said poisoning and sickness, she was unable to fulfil her contracts and engagements, and was subjected, by reason thereof, to great pecuniary loss; and she says further, that, by reason thereof, she was obliged to live in a different manner and at a greater expense than she otherwise would have done, not only in having nurses, medicines, and medical attendance, and massage treatment, but to obtain, at great expense, delicacies she would not otherwise have had to obtain, and to go away to the seashore and other places, at great expense, for the recovery of her health."

The defendant demurred to the declaration, assigning the following reasons therefor: " 1. The said declaration does not, nor does either count thereof, state a legal cause of action in the manner or with the substantial precision and certainty required by the statutes and by the rules of law and practice in this Commonwealth.  (a.) Because neither the ticket referred to in the plaintiff's declaration, nor a copy thereof, nor the legal effect thereof, is set out and made part of the plaintiff's declaration. (b.) Because divers alleged causes of action are averred, without specifying from which cause the plaintiff's injury is claimed to have arisen, and for some of which causes as set forth, if not for each and all of them, the defendant is not liable.  (c.) Because of repugnancy between the averments in the different counts of the declaration.  2. Counts in contract and counts in tort are improperly joined in the said declaration.  3. Said declaration does not, nor does either count thereof, allege any relation or duty of the defendant to the plaintiff, for the breach of which the plaintiff's action will lie, nor does the declaration or either count thereof allege any breach of any such relation.  4. Said declaration does not, nor does either count thereof, anywhere aver any wrongful act or omission of duty of the defendant, for which he can be held responsible to the plaintiff.  5. Said declaration does not, nor does either count thereof, allege knowledge on the part of the defendant of any defect in any food or drink alleged to have been supplied by the defendant, or any negligence in the selection of either."

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. D. Bryant*, for the defendant.

*B. C. Moulton*, for the plaintiff.

C. ALLEN, J. If one who holds himself out to the public as a caterer, skilled in providing and preparing food for entertainments, is employed as such, by those who arrange for an entertainment, to furnish food and drink for all who may attend it, and if he undertakes to perform the service accordingly, he stands in such a relation of duty towards a person who lawfully attends the entertainment, and partakes of the food furnished by him, as to be liable to an action of tort for negligence in furnishing unwholesome food, whereby such person is injured. This liability does not rest so much upon an implied contract, as upon a violated or neglected duty voluntarily assumed. Indeed, where the guests are entertained without pay, it would be hard to establish an implied contract with each individual. The duty, however, arises from the relation of the caterer to the guests. The latter have a right to assume that he will furnish for their consumption provisions which are not unwholesome and injurious through any neglect on his part. The furnishing of provisions which endanger human life or health stands clearly upon the same ground as the administering of improper medicines, from which a liability springs irrespective of any question of privity of contract between the parties. *Norton* v. *Sewall*, 106 Mass. 143. *Longmeid* v. *Holliday*, 6 Exch. 761. *Pippin* v. *Sheppard*, 11 Price, 400.

The plaintiff's action was originally entitled " in an action of tort." The plaintiff obtained leave to amend by adding the words " or contract, the plaintiff being doubtful to which class of actions this action belongs." This amendment was unnecessary, and may be disregarded, all the amended counts upon which the plaintiff relies being in tort. It is not necessary to sustain the demurrer on account of this lack of literal precision in entitling the action.

The defendant relies on several other extremely fine points of objection, but, without dwelling on them in detail, it may be said, in general terms, that the several counts sufficiently set forth the facts from which the duty of the defendant towards

the plaintiff sprung, and it is not necessary to state formally and in terms that the defendant occupied such a relation towards the plaintiff that the law cast upon him the duty; they also sufficiently aver that the defendant neglected that duty, and that the plaintiff was injured by reason thereof. It is not necessary to aver that the defendant knew of the injurious quality of the food. It is sufficient if it appears that he ought to have known of it, and was negligent in furnishing unwholesome food, by reason whereof the plaintiff was injured.

*Judgment reversed.*