43 265
132a 94

MAGGIE A. BECKWITH, RESPONDENT, v. LEROY S. OATMAN, APPELLANT.

*Negligence — in order to establish the liability of a druggist for the mistake of his clerk, in putting up a prescription, a failure on the part of the clerk to exercise due care and skill must be proved.*

This action was brought by the plaintiff to recover damages alleged to have been occasioned by the act of a clerk of the defendant, a druggist, who having undertaken, upon the request of the plaintiff's husband, to compound a certain prescription of medicine made for the plaintiff by a physician, did in fact compound and put up other drugs and medicines materially differing from those which the plaintiff applied for, which did the plaintiff great bodily harm and injury.

Upon the trial the defendant introduced evidence tending to show that no mistake was made by his clerk, and as to the qualification and length of service in the drug business of the clerk, and asked the court to charge that the plaintiff could not recover if the defendant's clerk exercised proper care in putting up the prescription, although there might have been a mistake in doing so.

The court refused so to charge, and the case was given to the jury solely upon the question whether or not the prescription had been correctly put up, the court instructing them that if the same was not correctly put up the plaintiff, if injured thereby, was entitled to recover; the question of the want of skill or negligence of the defendant's clerk being taken from the jury, and they being in effect instructed that it was immaterial, if a mistake was made, whether it occurred by reason of the want of skill or negligence of the clerk, or otherwise.

*Held*, that the court erred in so charging.

That the defendant undertook, when he assumed to put up the prescription for the plaintiff, that he possessed the ordinary skill of a druggist or apothecary, and that he would exercise due and proper care and skill in putting up the medicine required. the degree of care being proportionate to the gravity of the injury that would naturally result from a want of care, and that a failure to exercise such due and proper care was the only ground upon which the action could be maintained.

APPEAL from a judgment, entered upon the verdict of a jury at the Erie County Circuit.

The complaint alleges that the defendant is a druggist selling drugs and medicines at Angola, Erie county, N. Y. That the defendant, by his agent and clerk having charge of his drug store, was requested by plaintiff, through her husband, to compound a certain prescription of medicine made for her by one William Danforth, M. D.; that defendant, by his clerk in charge of said

drug store, undertook to put up said prescription; that, in fact, other drugs and medicines were compounded, and put up for the plaintiff by defendant materially differing from those which plaintiff applied for.

In the next count it is alleged that the medicine thus compounded by defendant did not cure plaintiff of the bronchitis of which she was then suffering, and for which medicine was prescribed by said physician, and did not help said disease of bronchitis, but that said drugs and medicines did plaintiff great bodily harm. to the damage of plaintiff of $5,000.

In the next and last count it is alleged that if the drugs and medicines prescribed had been given and sold to the plaintiff, the plaintiff's health would have been benefited thereby, and that by reason of their being other and different and dangerous, harmful and poisonous drugs and medicines, the plaintiff was injured as aforesaid in the sum of $5,000.

The answer admits that a prescription made by Dr. Danforth was compounded by defendant's clerk at the time alleged in the complaint, and denies the remaining allegations of the complaint.

The issue thus joined was tried at the Erie Circuit in April 1884, the plaintiff had a verdict for $500, and from the judgment, entered on such verdict, this appeal was taken.

*Sprague, Morey & Sprague*, for the appellant.

*George M. Osgoodby*, for the respondent.

CHILDS, J.:

No motion for a new trial having been made by the defendant, either upon the minutes of the judge or at Special Term, the exceptions taken by the defendant on the trial present the only questions for review on this appeal.

At the close of the plaintiff's case defendant moved for a nonsuit upon the following grounds: First. That no cause of action has been made out against the defendant. Second. There can be no recovery for negligence, because no cause of action for negligence is set forth in the complaint. Third. That no cause of action for breach of contract is made out by the evidence. This motion was denied and defendant excepted.

Again, at the close of the evidence the motion for a nonsuit was renewed upon the same grounds; was again denied and defendant excepted. These exceptions, with others, to the charge of the judge as made, and to his refusal to charge as requested, which will be stated and considered later, present the main question for review. The right of plaintiff to recover in this action rested upon, and had its foundation in, the rule of liability established in the case of the entire class of professional persons whose work or employment requires special knowledge or skill. Under that rule the defendant undertook, when he assumed to fill the prescription for plaintiff, that he possessed the ordinary skill of a druggist or apothecary, and that he would exercise due and proper care and skill in putting up the medicine required. (*Bellinger* v. *Craigue,* 31 Barb., 534; *Carpenter* v. *Blake,* 50 N. Y., 696; Cow. Treatise [7th ed.], 290.)

The degree of care required being proportionate to the gravity of the injury that would naturally result from a want of care, and the failure to exercise such due and proper care, is the ground of an action of negligence, and the only ground upon which plaintiff sought to or could recover in this action. (*Thomas* v. *Winchester,* 6 N. Y., 397; *Brown* v. *Marshall,* 47 Mich., 576; *Norton* v. *Sewall,* 106 Mass., 143; *Losee* v. *Buchanan,* 51 N. Y., 476, 488; *Morris* v. *Platt,* 32 Conn., 75; 4 Wait's Actions and Defenses, 683.)

The Respondent acquiesces in the rule of liability as above stated and concedes that his right to recover must be made to depend on the negligence of the defendant. It was therefore incumbent on the plaintiff to allege, and to prove on the trial, such want of skill on the part of defendant's clerk, or such negligence on his part, in filling the prescription, as would bring the defendant within the rule, and make him liable for negligence in respect to that transaction. The complaint contains no allegation of negligence, and no testimony was given by the plaintiff tending to prove negligence, other than such as was given to show that the prescription had not been properly filled or put up by defendant's clerk. This question was raised for the first time by defendant's motion for a nonsuit; it is one presenting some difficulty, but as we have concluded to grant a new trial upon another ground it does not become necessary to hold that for the insufficiency of the complaint the motion should have been granted. At the close of the case the judge charged

the jury, among other things, as follows : " This action is brought by the plaintiff against the defendant as proprietor of a drug store in Angola, upon the charge that a prescription, drawn for her by her physician, was wrongly compounded ; as a consequence of that the medicine proved to be injurious to her health. So far as the plaintiff's case is concerned, there is no direct evidence given by her as to the fact of this compound not having been according to the doctor's prescription. Witnesses have been placed upon the stand for the purpose of establishing that to be a fact, and if it is the fact, if the evidence establishes it to your satisfaction, then the defendant in that case would be liable." And again : " The contro-versy relates to the allegation whether it was compounded in a manner in which the prescription required it to be done ; if it was, then the plaintiff cannot recover. If, as urged in her behalf, that it was not so compounded, but that the compound was made different, and to such an extent and to such a degree as to render it dangerous to be taken by her, and she suffered injury in consequence of it, then the action would be maintained and she would be entitled to a verdict against the defendant." And again, " If you are satisfied this medicine was not properly compounded, and in consequence of that this injury was sustained, she is entitled to recover."

To each of these propositions the defendant excepted, and requested the court to charge the jury " That the plaintiff could not recover if the defendant's clerk exercised proper care in putting up the prescription, although there might have been a mistake in doing it." This request to charge was refused, and the defendant excepted. It will be observed that the case was given to the jury solely upon the question whether or not the prescription had been correctly put up, and they were told that if the same was not cor-rectly put up the plaintiff, if injured thereby, was entitled to recover. The question of the want of skill or negligence of the defendant's clerk, upon which the plaintiff's right to recover wholly depended, was taken from the jury by the court, and they were, in effect, instructed that it was immaterial, if a mistake was made, whether it occurred by reason of the want of skill or negligence of defendant's clerk, or otherwise.

*Brown* v. *Marshall* (47 Mich., 576) is in point. In that case the trial judge charged as follows : " It is the duty of druggists to know

the properties of the medicines which they sell, and to employ such persons as are capable of discriminating and dealing out according to prescription; and if the defendant's clerk in this case sold and delivered to plaintiff a poison instead of a harmless drug, and the plaintiff took it supposing it to be harmless, and was thereby caused a suffering and a serious injury, the defendant is liable for the damages so caused in this suit." Cooley, J., giving the opinion of the court (p. 582), remarks upon this instruction as follows:

" *In this instruction there is no hint of negligence as a necessary element in the right of action.* The duty is correctly stated, and it is assumed that a right of action will arise from a failure to perform it, irrespective of the reasons. *If the judge is wrong in this the judgment cannot stand;* for though there are other instructions which seem to be inconsistent with this, we cannot know that the jury did not shape their action by this rather than by any other The question then is whether the delivery at a drug store of a deleterious drug to one who calls for one that is harmless, and a damage resulting therefrom, will not merely tend to make out a right of action, but of themselves give a right of action, even though there may have been no intentional wrong and the jury may believe there is no negligence. That such an error might occur, without fault on the part of the druggist or his clerks, is readily supposable. He might have bought his drugs from a reputable dealer, in whose warehouse they have been tampered with for the purposes of mischief. It is easy to suggest accidents after they come to his own possession, or wrongs by others of which he would be ignorant, and against which a high degree of care would not give perfect protection. But how the misfortune occurs is unimportant if, under all circumstances, the fact of occurrence is attributable to him as a legal fault. The case, it must be conceded, is one in which a high degree of care may justly be required. People trust not merely their health but their lives to the knowledge, care and prudence of druggists, and in many cases a slight want of care is liable to prove fatal to some one. It is, therefore, proper and reasonable that the care required shall be proportionate to the danger involved. *But we do not find that the authorities have gone so far as to dispense with actual negligence as a necessary element in the liability when a*

*mistake has occurred."* And upon this ground alone the judgment upon the verdict in favor of the plaintiff was, in that case, reversed.

In *Carpenter* v. *Blake* (50 N. Y., 696), which was an action against a surgeon for malpractice, it was claimed by the plaintiff that the dislocation was never reduced, and by the defendant that the dislocation was properly reduced, and the joint remained in its place until the defendant was discharged from the case. Evidence was given tending to show that defendant was reputed to be and was a skillful surgeon. The court charged, in substance, that it was immaterial to the inquiry whether defendant, at the time he undertook the reduction of the dislocation, was or was not reputed to be, or was or was not a skillful surgeon. This was held to be error, for which the judgment was reversed.

In the case at bar the defendant gave testimony tending to show that no mistake was made by his clerk, in putting up the prescription, and insisted upon that fact in his defense. Testimony was also given as to the qualification and length of service in the drug business of Penfold, his clerk; also detailing all the acts of Penfold in preparing and delivering the medicine; the length of time the preparation used by him had been in the store; from whom the same was procured

We are of the opinion that, under the proofs, the defendant was entitled to have the question as to the competency of his clerk, and the exercise of due and proper care on his part, submitted to the jury, and that the exceptions to the charge, as made, and to the refusal to charge, as requested, were well taken and point out error which requires a reversal of the judgment.

It is to be observed that the case was not tried by the defendant upon the assumption that the complaint alleged a cause of action, or that his right should be determined upon the theory on which the case was given to the jury, but, at the earliest opportunity, he raised the question presented on this appeal, and again at the close of the charge requested that the jury should be instructed in accordance with his claim as now insisted upon. As these views lead to a new trial, we have not examined the numerous exceptions taken to the rulings of the court in admitting testimony offered by the plaintiff.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HAIGHT and BRADLEY, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.