(53 Misc. Rep. 591)

## HORST v. WALTER.

(Supreme Court, Appellate Term.   April 10, 1907.)

1. DRUGGISTS—SALES OF POISON—NEGLIGENCE.

A druggist, who, when asked for a preparation to wash a wound, furnishes a solution containing over 86 per cent. of carbolic acid, without giving a proper label or instructions, is negligent, and liable for the injuries sustained by the buyer in using the solution as a wash for a wound.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Druggists, §§ 7, 8; vol. 40, Poisons, § 33.]

2. SAME—LIABILITY FOR ACTS OF CLERK.

A druggist is liable for the act of his clerk in selling, when asked for a preparation to wash a wound, a solution containing over 86 per cent. of carbolic acid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Druggists, §§ 7, 8.]

3. SAME—CONTRIBUTORY NEGLIGENCE.

One who applies to a druggist for a solution to wash a wound is warranted in using the solution furnished without further inquiry.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Druggists, §§ 7, 8.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Adolph Horst against Herman Walter. From a judgment of the Municipal Court in favor of plaintiff, rendered on a trial before the justice without a jury, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Fred V. Mayforth, for appellant.
Louis S. Posner, for respondent.

GIEGERICH, J.  The action was brought to recover for injuries received by the plaintiff through the alleged negligence of the defendant's servant.  The plaintiff's wife went to the defendant's drug store and asked for something to wash out a wound or cut which her husband had received on his knee.  The clerk gave her a small bottle bearing the words, among others: "Poison.  Carbolic Acid."  She took this home and applied it to the wound.  The result was that the knee was burned, and turned black, and caused serious trouble.  Upon chemical analysis the solution was found to contain between 86 and 90 per cent. of carbolic acid.  Two questions are presented:  (1) Was the the act of selling the preparation, under the circumstances shown, one that would have constituted legal negligence if done by the defendant himself, instead of his clerk?  (2) Is this a case where the employer should be held responsible for the act of his clerk?

On the first point it has been held in this state that a druggist is liable in negligence for damage caused by the sale of poisonous medicine without proper label or instructions.  Wohlfahrt v. Beckert, 27 Hun, 74, affirmed, 92 N. Y. 490, 44 Am. Rep. 406.  In the present case there can be little question that it was a negligent act for the druggist to sell a solution of carbolic acid of such strength.  Section 67 of the Sanitary Code prescribes that:

"No phenol, commonly known as carbolic acid, shall be sold at retail by any person in the city of New York, except upon the prescription of a physician, when in a stronger solution than 5 per cent."

It was conceded on the trial, by the defendant's attorney, that no druggist has a right to furnish such acid of a stronger solution than 5 per cent., unless accompanied by the prescription of a doctor. But, aside from such prohibition of the Sanitary Code, we do not think there can be any doubt that it is an act of negligence for a druggist, when asked for a solution to wash a wound, to sell a preparation of such a dangerous character as was furnished in this case.

On the question whether the act of the clerk is chargeable to the defendant there is little room for doubt. The general rule is that an act done by the servant in the prosecution of the business that the servant was employed by the master to do is chargeable to the master. Cosgrove v. Ogden, 49 N. Y. 255, 10 Am. Rep. 361; Schultz v. Third Ave. R. R. Co., 89 N. Y. 242. That this rule applies in the case of the preparation and sale of drugs has been held in this and other states. Thomas v. Winchester, 6 N. Y. 409, 57 Am. Dec. 455; Norton v. Sewall, 106 Mass. 143, 8 Am. Rep. 298. In the former of the two cases just cited the defendant was held liable for injuries flowing from the act of his assistant in business in putting up belladonna, labeled as "dandelion," which, through the medium of several intermediate dealers, was ultimately sold to the plaintiff and used by her, to her serious injury.

It is suggested by the appellant that the plaintiff was guilty of contributory negligence, but we see no ground for any such contention. The plaintiff had a right to suppose that the defendant and his employés would perform their duty with care, and, when applied to for some solution to wash a wound, that they would furnish something, if not efficient, at least harmless, and was warranted in applying it without further inquiry.

The judgment should be affirmed, with costs. All concur.