McCLAREN v. UNITED SHOE MACHINERY CO.

(Circuit Court of Appeals, First Circuit. January 19, 1909.)

No. 736.

NEGLIGENCE (§ 27*)—DANGEROUS MACHINERY—LIABILITY OF MANUFACTURER OR VENDOR.

A manufacturer and licenser of shoe machinery by which an operator was injured, while in the possession of the operator's master, because it had fallen into disrepair, owed no duty to such operator which would render it liable for such injury, though it voluntarily and without consideration had assumed to him the obligation of keeping the machine in repair. Savings Bank v. Ward, 100 U. S. 195, 202, 25 L. Ed. 621 et seq., applied.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 25; Dec. Dig. § 27.*

Liabilities of manufacturers and vendors of injurious substances or defective machinery and appliances for injuries to persons other than immediate vendees, see note to Standard Oil Co. v. Murray, 57 C. C. A. 5.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Alexander Lincoln (Sherman L. Whipple and Whipple, Sears & Ogden, on the brief), for plaintiff in error.

Walter Bates Farr, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and DODGE, District Judge.

PUTNAM, Circuit Judge. The plaintiff in error was the plaintiff below, so we will call the parties here merely plaintiff and defendant. The plaintiff was injured while running a stitching machine used in the manufacture of shoes, which machine had been leased by the defendant to Weber Bros. Shoe Co. (being the defendant in No. 775, in which an opinion was passed down simultaneously herewith) 166 Fed. 714. Judgment was entered for the defendant in the Circuit Court, and thereupon the plaintiff sued out this writ of error.

The declaration as it came before us contained three counts. A contract entitled "Lease and License," between the defendant corporation, a manufacturer of shoe machinery, and Weber Bros. Shoe Co., a corporation manufacturing shoes, and employing the plaintiff, appears in the record, and is expressly made a part of the first count,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and therefore it may be referred to for the purposes of this case on demurrer. The machine of which the plaintiff complains was covered by this contract.

The first count alleged that the defendant in this suit reserved control of the machines covered by the lease "for the purpose of keeping them in suitable condition and repair." It also alleged that the machine on which the plaintiff was working when he was injured was at all times since the making of the lease in a defective and dangerous condition—

"and that the defendant owed the plaintiff the duty not to provide or maintain for his use as an employé a machine which was not in proper condition or repair, and that he was injured by reason of the negligence of the defendant in providing and maintaining for his use an insufficient, improper, defective, and dangerous machine."

The second count undertakes to raise a special obligation on the part of the defendant by saying that it "voluntarily undertook and promised the plaintiff to repair and place in suitable condition" the machine he was working on, and, further, subsequently represented to the plaintiff that it had placed said machine in satisfactory condition and repair.

The third count seems to have been similar to the first count, except that it does not contain anything suggesting that there was any agreement between the defendant and the shoe company obliging the defendant to have or keep the machine in repair; but it apparently rests on an alleged broad rule that, having leased the machine to the plaintiff's employer, it was, merely because it had so leased the machine, under a duty as towards the plaintiff to have and maintain it in suitable repair, and that, not having done so, it was liable to the plaintiff for any injury arising therefrom.

The defendant demurred to each and all of the counts, and the Circuit Court sustained the demurrer.

The general rule is that there is no duty out of which any liability arises such as is claimed by the plaintiff. There are exceptional cases, nearly all of which are covered by the index to chapter 12 of Pollock's Law of Torts (6th Eng. Ed.) as, for example, in regard to dangerous and vicious animals, firearms, explosive and other dangerous goods, poisonous drugs, and, we may add, injurious articles of food, of which Bishop v. Weber, 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 715, cited by the plaintiff, is an example. The case at bar has no relation to any such exceptions. If there was any question about this rule elsewhere, it is settled, so far as the federal courts are concerned, by an elaborate statement of it in Savings Bank v. Ward, 100 U. S. 195, 202, 25 L. Ed. 621 et seq. The reasoning therein has never been in any way contravened or diminished.

The plaintiff relies on Heaven v. Pender, L. R. 11 Q. B. D. 503, and Hayes v. Philadelphia, 150 Mass. 457, 460, 23 N. E. 225; but these citations fall within the class well described by Sir Gorell Barnes, President, in Malone v. Laskey (1907) 2 K. B. 141, 152, as follows:

"The class of cases in which the control and the possession of premises rests with the owner, who gives a permission or invitation to persons to come on the premises in order to do work or for other purposes."

The above relates to the first and third counts, as to which we may also say that the position of the defendant is strengthened by the contract with the plaintiff's employer, which we have shown was made a part of the record, and in which, contrary to plaintiff's allegations, it was agreed that—

"the lessee should at all times, and at his own expense, keep the leased machinery in good and sufficient working order and condition."

Notwithstanding this provision in the contract, the third count, as we have said, rests on an alleged promise directly from the defendant to the plaintiff to repair and place the machine in suitable condition, with a further alleged representation to the plaintiff by the defendant that it had accomplished this; but no consideration is stated. This is amplified by a later statement in the count that—

"the defendant had voluntarily assumed the duty to exercise proper and reasonable care with respect to the plaintiff in repairing the said machine," etc.

If, contrary to what is shown by the contract to which we have referred, the defendant had in fact agreed with the plaintiff's employer to have or maintain the machine in proper repair, and if, as a consequence of that obligation on the part of the defendant, and as flowing out of it, it had repeated this promise to the plaintiff, and had represented to him that such repairs had been made, the law, which always favors short cuts, so to speak, might well have said that there was a novation by virtue of which the defendant was bound to the plaintiff; but, under the circumstances, and as apparently determined by the learned judge of the Circuit Court, the alleged promise, and the representations which grew out of it, were purely voluntary, wholly without consideration, and not enforceable in law.

The judgment of the Circuit Court is affirmed, and the appellee recovers its costs of appeal.