## 11605.  BECKHAM v. JACOBS' PHARMACY COMPANY.

BROYLES, C. J.  Conceding, but not deciding, that the petition as amended was subject to one or more of the special demurrers interposed, none of the special demurrers were passed upon, and the petition set out a cause of action, though it may have been defectively stated.  The court, therefore, erred in dismissing the petition on general demurrer.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*

DECIDED JULY 29, 1920.

Action for damages; from Fulton superior court — Judge Pendleton.  May 10, 1920.

The action was for damages on account of alleged injury from drinking a beverage sold as harmless and refreshing, which the plaintiff alleged contained a poisonous or deleterious substance. The petition as amended alleges: that on February 25, 1919, he went into a certain drug-store of the defendant and bought at the soda fountain a drink of coca-cola and celery, made in a glass goblet by an employee of the defendant; and, noticing a peculiar taste in the drink, he drank about three fourths of it, paid for it, and went immediately to his home, and was there seized with violent pains in his arms and shoulders and around his heart; that he took an emetic to expel the drink from his stomach, and, feeling no better after its expulsion, he went to a near-by drug-store, and was there examined by doctors, who found that he had been poisoned by some unknown chemical poison that had been taken internally and had the effect of stopping his circulatory system, depressing his heart action and turning him black in the face and hands.  These doctors worked on him for a considerable time, to keep him from dying, giving him stimulants and medicines to stimulate his heart action.  During all this time he suffered great pain and agony in mind and body, being fearful that he was going to die from the effects of the poison.  He was confined to his bed, under the care of a physician, for five days, and the sole cause of the poisoning and sickness was the drinking of the coca-cola and celery.  He had no knowledge of and no opportunity of knowing the exact contents of the glass of coca-cola and celery, but relied on the defendant serving him the harmless article of drink that he had ordered.  Up to the time of this sickness he had excellent health and vigor, but since this sickness his heart action has been weak and his blood circulation

poor, and he suffers from fatigue and exhaustion after the slightest exercise, and labors under fear that the poisoning may yet hasten his death. Expense for physician's services and medicines, and loss of earnings, in stated sums, are alleged; and it is alleged that the poisoning was due solely to negligence of the defendant, (a) in serving in the coca-cola and celery an ingredient, unknown to the plaintiff, that would poison him or cause him to be sick; (b) in failing to use care to prevent poisonous ingredients or chemicals from being served in the glass of coca-cola and celery; and (c) in serving to him an unwholesome and impure drink, knowing that he was relying on the defendant to furnish him a pure and wholesome drink. It is alleged that the poison was a chemical — the name of which is unknown to the plaintiff — which when taken into the human system had the effect of depressing the heart action and reducing the circulation in the body and causing congestion and a condition resembling paralysis. It is further alleged that the defendant, in the operation of the soda-water stand, impliedly invited the patronage of the public and represented that it was selling and dispensing what were commonly known as soft drinks and soda-water drinks which were harmless. and refreshing, which drinks were compounded, manufactured, and sold by the defendant at the said soda-water stand. The drink that the plaintiff sought to purchase on that occasion, — to wit, celery and coca-cola mixed with carbonated water, — was one of the drinks commonly compounded and manufactured by the defendant at the said soda-water stand which were sold and dispensed to customers as refreshing and harmless, and it is harmless when manufactured, compounded, and dispensed without any poisonous or foreign matter in it, and the plaintiff had the right to rely upon the defendant to serve him with such harmless drink on that occasion. The defendant was under a legal duty to see to it that no poisonous matter was mixed with the said beverage, and the plaintiff relied upon the defendant to perform this duty; and in manufacturing and selling the said drink with the said poisonous and deleterious substance in it the defendant violated the said legal duty and violated the laws of the State of Georgia, and it was a result of this violation of duty and of law that the plaintiff suffered damage as alleged.

*Branch & Howard, Bond Almand,* for plaintiff, cited: Park's

38

Code, §§ 2099, 2101; Tomlinson *v.* Armour, 74 N. J. L. 780 (65 Atl. 883); Bishop *v.* Weber, 139 Mass. 411 (1 N. E. 154); Doyle *v.* Fuerst, 129 La. 838 (56 So. 906, 40 L. R. A. (N. S.) 480); Ketterer *v.* Armour, 247 Fed. 921; Pantaze *v.* West, 7 Ala. App. 599 (61 So. 42); *Blood Balm Co.* v. *Cooper,* 83 Ga. 457; *Watson* v. *Augusta Brewing Co.,* 124 Ga. 121; *Martin* v. *Waycross Coca-Cola Co.,* 18 Ga. App. 226; *Hudgins* v. *Coca-Cola Bottling Co.,* 122 Ga. 695 (distinguished).

*Rosser, Slaton, Phillips & Hopkins,* for defendant, cited and distinguished cases cited supra.