[No. 4675.   Decided September 29, 1903.]

Roy E. Weiser, *Appellant,* v. Dave Holzman *et al.,*
*Respondents.*[1]

APPEAL—BOND—JUSTIFICATION OF SURETIES—OBJECTIONS NOT
URGED BELOW.  An objection to an appeal bond that the sureties
did not justify as to "property within this state" is one going to
the sufficiency of the sureties, and must be first raised in the
court below.

NEGLIGENCE—SALE OF EXPLOSIVE—PLEADING—SUFFICIENCY OF
COMPLAINT—DEFINITENESS.  A complaint alleging negligence in
the manufacture and bottling of a dangerous explosive called
champagne cider by failing to observe the proper temperature,
amount of gas, and strength of the bottles, and failing to attach
labels or give notice of the danger, is not demurrable as being so
indefinite as to be meaningless, but the remedy is by motion to
make more definite and certain.

SAME—LIABILITY TO STRANGERS—CONNECTION BETWEEN NEGLI-
GENCE AND INJURY.  One who knowingly delivers a dangerous ex-
plosive without giving notice to the purchaser of its intrinsic
danger, is liable to any person who is, without fault, injured
thereby,without reference to any privity of contract, and a com-
plaint by a stranger is not demurrable on the ground that no
causal connection between the negligence and the injury is shown.

Appeal from a judgment of the superior court for Spo-
kane county, Belt, J., entered January 5, 1903, upon sus-
taining a demurrer to the complaint, dismissing an action
for personal injuries caused by an explosion of a bottle of
"champagne cider" manufactured by defendant.    Re-
versed.

*Roche & Onstine,* for appellant.

*Post, Avery & Higgins,* for respondents.   The mere alle-
gation of an explosion of a bottle of champagne cider
does not bring the case within the rule applicable to high
explosives.   *Bragdon v. Perkins-Campbell Co.,* 87 Fed.

[1]Reported in 73 Pac. 797.

109; *Goodlander Mill Co. v. Standard Oil Co.,* 63 Fed.
400, 27 L. R. A. 583; *Curtin v. Somerset,* 140 Pa. St. 70,
21 Atl. 244, 12 L. R. A. 322; *Losee v. Clute,* 51 N. Y.
494, 10 Am. Rep. 638; *Loop v. Litchfield,* 42 N. Y. 351;
*National Savings Bank v. Ward,* 100 U. S. 195, 25 L. Ed.
621; *State ex rel. Travelers' Ins. Co. v. Harris,* 89 Ind.
363; *Glaser v. Seitz,* 71 N. Y. Supp. 942; *Walker v. Chicago, R. I. & P. Ry. Co.,* 71 Iowa 658, 33 N. W. 224;
*Huff v. Austin,* 46 Ohio St. 386, 21 N. E. 864; *Gibson
v. Torbet,* 115 Iowa 163, 88 N. W. 443, 56 L. R. A. 98;
*Voigt v. Michigan Peninsular Car Co.,* 112 Mich. 504,
70 N. W. 1103.

FULLERTON, C. J.—The appellant sued for personal injuries. A general demurrer was interposed and sustained
to his complaint, whereupon he refused to plead further,
and a judgment that he take nothing by his action was
entered against him, from which he appeals to this court.

The respondents move to dismiss the appeal for the reason that the justification of the sureties on the appeal
bond fails to recite that the sureties are worth the amount
for which they justify "in property within this state,"
as required by § 6509 of the Code (Ballinger's). In
other respects the bond is regular. While it may be difficult to distinguish this omission from others made in appeal bonds, which were deemed fatal to the appeal by this
court, we have uniformly held this one not to be so, but
that an objection on this ground is one going to the sufficiency of the sureties, which must be raised and passed
upon in the court below in order to be available in this
court. *McEachern v. Brackett,* 8 Wash. 652, 658, 36
Pac. 690, 40 Am. St. 922; *Warburton v. Ralph,* 9 Wash.
537, 546, 38 Pac. 140; *Horton v. Donohoe Kelly Banking Co.,* 15 Wash. 399, 46 Pac. 409, 47 Pac. 435. As

the objection in this case was not so raised, the motion to dismiss must be denied.

The next question is, does the complaint state facts sufficient to constitute a cause of action? Stripped of its verbiage, the complaint alleges, that the respondents manufactured, sold, and delivered to one Pratt, under the name of "champagne cider," a dangerous explosive, knowing it to be such, without warning Pratt of its dangerous character, or placing on the bottle containing the substance anything to indicate that it was a dangerous explosive; and that the appellant while in the employ of Pratt, and engaged in his duties as such employee, and without fault or negligence on his part, was injured by an explosion of the substance. Paragraph 5 of the complaint was as follows:

"That the injuries to said plaintiff were caused by the willful negligence, carelessness and want of proper care on the part of the defendant, D. Holzman & Co., by reason of said defendant willfully, carelessly, and negligently, and for want of ordinary care in the manufacturing, bottling, preparing and selling of said champagne cider, in this, that the said defendants failed to manufacture, bottle and prepare the said champagne cider in the proper degree of temperature; failed to properly charge the said champagne cider with the proper amount of carbonic acid gas, and other substances used in the manufacturing and bottling of the same; failed to properly test said bottle as to its strength and endurance to hold said champagne cider; failed to properly label said bottle as to its being an explosive and dangerous substance; failed to explain to the said M. L. Pratt, or said plaintiff, or any one else, of the danger in handling and using said bottle of champagne cider, and the cause for, and probability of its exploding and injuring those who came in contact with the same."

The prayer was for damages in the sum of $10,000.

The record does not advise us as to the ground upon which the trial judge sustained the demurrer, but the respondents urge against its sufficiency two principal contentions, the first of which is that the allegations of negligence are so indefinite as to be meaningless, and the second, that there is no causal connection between the negligence alleged (conceding the allegations sufficient) and the injury complained of. The argument that the allegations of negligence are so indefinite as to be meaningless is based upon recitals in the paragraph above quoted. It seems to us, however, that the complaint states a cause of action without that paragraph, and hence it is not very materia᠎ to inquire just how definite this particular one should have been made; but, conceding it otherwise, we do not think the allegations susceptible to a general demurrer. Clearly, the acts recited therein, when taken with the other acts recited in the complaint, constitute actionable negligence, and, if more particularity of statement was desired and could be required, the remedy was by a motion to make more definite and certain; not by a general demurrer.

The second objection seems to us to be equally without merit. One who sells and delivers to another an article intrinsically dangerous to human life or health, such as a poison, an explosive, or the like, knowing it to be such, without notice to the purchaser that it is intrinsically dangerous, is responsible to any person who is, without fault on his part, injured thereby. The rule does not rest upon any principle of contract, or contractual relation existing between the person delivering the article and the person injured, for there is no contract or contractual relation between them. It rests on the principle that the original act of delivering the article is wrongful, and that every one is

responsible for the natural consequences of his wrongful acts. The rule that liability exists in such cases is abundantly supported by authority. In *Thomas v. Winchester*, 6 N. Y. 397, 57 Am. Dec. 455, it was held that a manufacturer of drugs, who had sold a druggist extract of belladonna under the label "extract of dandelion," was liable to a person injured thereby, who had procured it of the druggist on a physician's prescription calling for extract of dandelion, it appearing that neither the druggist nor the person taking it knew that it was other than it was labeled. In *Norton v. Sewall*, 106 Mass. 143, 8 Am. Rep. 298, it was held that an apothecary, who had negligently sold a deadly poison for a harmless medicine called for, was liable for the death of the purchaser's servant to whom it was administered, at the suit of the servant's administrator. In *Wellington v. Downer Kerosene Oil Co.*, 104 Mass. 64, the principle governing the liability was stated in the following language:

"It is well settled that a man who delivers an article, which he knows to be dangerous or noxious, to another person, without notice of its nature and qualities, is liable for any injury which may reasonably be contemplated as likely to result, and which does, in fact, result therefrom, to that person or any other who is not himself in fault."

So, in *Lewis v. Terry*, 111 Cal. 39, 43 Pac. 398, 31 L. R. A. 220, 52 Am. St. 146, it was said:

"We agree that the action cannot be sustained on the ground of any privity of contract between plaintiff and defendants, for there was none. If a tradesman sells or furnishes for use an article actually unsound and dangerous, but which he believes to be safe and warrants accordingly, he is not liable for injuries resulting from its defective or unsafe condition to a person who was neither a party to the contract with him, nor one for whose benefit the contract was made. . . . But when the seller, as

in the case made by the complaint before us, represents the article to be safe for the uses it was designed to serve, when he knows it to be dangerous because of concealed defects, he commits a wrong independent of his contract, and brings himself within the operation of a principle of the law of torts."

See, also Shearman & Redfield, Negligence (5th ed.), § 117; *Blood Balm Co. v. Cooper,* 83 Ga. 457, 10 S. E. 118, 5 L. R. A. 612, 20 Am. St. 324; *Schubert v. J. R. Clark Co.,* 49 Minn. 331, 51 N. W. 1103, 15 L. R. A. 818, 32 Am. St. 559; *Bishop v. Weber,* 139 Mass. 411, 1 N. E. 154, 52 Am. Rep. 715; *Elkins v. McKean,* 79 Pa. St. 493; 12 Am. & Eng. Enc. Law (2d ed.) 508, subd. 6.

The judgment appealed from is reversed, and the cause remanded, with instruction to overrule the demurrer.

HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.