### 12075. McCARTHY *v.* GULF REFINING COMPANY *et al.*

1. The petition in the instant case was not subject to dismissal on demurrer upon the ground that the defendant's negligence was not the proximate cause of the death of petitioner's minor child.
2. Where, on demurrer to a petition, the petition is amended without objection, and the judgment thereon states that the " within demurrer is sustained and the petition as amended dismissed," the petition as amended, and not the petition as it originally stood, will be looked to in determining whether there was error in sustaining the demurrer.
3. Where the petition sets out a good cause of action for the loss of the services of a minor child during her minority, it should not be dismissed on demurrer because of impertinent and unnecessary allegations.
4. The petition as amended was not subject to any of the objections interposed by the demurrer, and the judge erred in sustaining the demurrer and dismissing the petition.

DECIDED APRIL 14, 1921.

Action for damages; from Bibb superior court — Judge Malcolm D. Jones. November 30, 1920.

*James H. Dodgen, B. J. Fowler,* for plaintiff.
*Jones, Park & Johnston, W. Carroll Latimer,* for defendants.

LUKE, J. Charlie McCarthy brought his action for damages

against Gulf Refining Company, C. F. McKinney, and W. F. Hall. The presiding judge dismissed plaintiff's petition as amended on demurrer, and the judgment sustaining this demurrer is here for review. In so far as the actual occurrence of the injury is concerned, the petition substantially alleged: that the Gulf Refining Company, a dealer in illuminating oils, through its local manager and sales-agent, McKinney, placed an employee of that company in charge of a wagon or truck of the company, loaded with kerosene and gasoline; that Hall, a merchant engaged in the business of retailing illuminating oils, purchased ten gallons of the fluid conveyed on said vehicle for kerosene oil, and that the fluid so purchased was delivered to him as such oil and placed in a kerosene tank in Hall's store; that Hall sold to petitioner, as kerosene, a quart of the contents of a kerosene tank, which petitioner purchased believing the same to be kerosene; that petitioner's eleven-year old daughter, Rinah, desiring to start a fire to cook breakfast, poured some of the contents of the can containing the fluid purchased from Hall over some kindling in the stove, and while holding said can in her left hand, with the opening thereof within eighteen or twenty inches of the kindling, struck a match to light the fire in the stove, when the gasoline in the can exploded, setting her afire and causing her to be so severely burned that she died the same day.

The facts alleged in the case at bar are so nearly similar to the facts set out in the case of *Standard Oil Co.* v. *Reagan,* 15 *Ga. App.* 572 (84 S. E. 69), and the petition itself is, in so far as the facts would allow, so nearly in the words of the petition in that case, that the court deems it unnecessary to state more fully in this portion of its decision the contents of plaintiff's petition; and only so much of the facts of the petition are above set forth as are necessary to be considered by this court in ascertaining whether the petition was subject to paragraphs 5 and 6 of the demurrer, which were, respectively, that " defendants' acts were not the proximate cause of Rinah McCarthy's death," and that " her injuries were solely the result of her own gross negligence." Reduced to their lowest terms, the foregoing questions raised by demurrer involve but the single question of proximate cause, and in this respect the case at bar is so similar to *Reagan's* case, supra, that we feel that we can do no better than cite the very clear and comprehensive dis-

cussion of Judge Wade in that case as controlling our decision in this branch of the case at bar. It follows that it would not be proper to dismiss the petition for the reasons assigned above.

The tenth paragraph of the original petition recited that "petitioner shows that his said daughter, Rinah, was in good health, and that her services were reasonably worth $60 per month, and that she had a life-expectancy of forty-nine years." An amendment was offered, and allowed without objection, striking out the words "that she had a life-expectancy of forty-nine years," and inserting in lieu thereof the following: " and that her services till she reached the age of twenty-one would amount to the sum above set out, for which he is entitled to recover and for which he now seeks to recover." Since this amendment was allowed without objection on the part of defendants, the demurrer goes to the petition as amended, and not to the petition as it originally stood. See *O'Shields* v. *Ga. Pacific Rwy. Co.*, 83 *Ga.* 621(1) (10 S. E. 268, 6 L. R. A. 152).

The main ground of demurrer relied on by defendants was, that there was no right of action in plaintiff, for the reason that the allegations of his petition showed that he was suing for the full value of his child's life, under the statutory enactment contained in § 4424 of the Civil Code (1910), and that he could not recover thereunder because his petition disclosed that the mother of his child was living, and because the petition did not show that he was dependent upon his minor child within the meaning of the statute. In view of the fact that this code-section is statutory and must be strictly construed, we are inclined to believe that there is much force in defendants' contention that the plaintiff could not recover under the code-section in question. See, in this connection, *Frazier* v. *Ga. R. Co.*, 96 *Ga.*, 785 (22 S. E. 936); *Augusta Ry. Co.* v. *Glover*, 92 *Ga.* 132(3) (18 S. E. 406); *East Tenn. &c. R. Co.* v. *Maloy*, 77 *Ga.* 237(3) (2 S. E. 941); *Ga. Railroad & Bkg. Co.* v. *Spinks*, 111 *Ga.* 571 (36 S. E. 855). However, as we are of the opinion that the petitioner's case as amended was not brought under this code-section, it is unnecessary to determine this question.

With all deference to the rule that pleadings are to be construed most strictly against the pleader, yet in view of the fact that the amended petition alleges that the eleven-year old child of peti-

tioner was a member of his household, and that the amendment offered, and allowed without objection, specifically states that the petitioner was seeking to recover for the services of said child till she reached the age of twenty-one years, we are constrained to hold that it clearly appears that the gist of plaintiff's action is the loss of the services of his child during her minority, and that the petition sets out a good common-law cause of action under § 4412 of the Civil Code (1910) ; and under the law as enunciated in the case of *Reese* v. *Reese,* 89 *Ga.* 645(3) (15 S. E. 846), we think this is true notwithstanding the allegations that the child's mother was living apart from her family, that the child actually performed certain specified household duties, and that the petitioner was dependent upon his daughter and that she contributed to his support and maintenance. For a discussion of actions based upon the loss of a minor's services during his minority, and of those brought for the full value of the life of a child under § 4424 of the Civil Code, see *Frazier* v. *Ga. R. & Bkg. Co.,* 101 *Ga.* 70 (28 S. E. 684), and cases cited, and *Augusta Factory* v. *Davis,* 87 *Ga.* 648 (13 S. E. 577). There was no merit in any of the grounds of the demurrer, and the court erred in sustaining the demurrer and dismissing the case.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

BROYLES, C. J., concurring specially. I agree with the learned counsel for the defendant in error that the amendment to the petition set forth a new cause of action. I do not think, however, that the petition as amended was properly dismissed on demurrer because of that fact, as the amendment set out a cause of action, and it appears from the bill of exceptions and the record that the amendment was unconditionally and regularly allowed without objection, and filed. See, in this connection, *Dyson* v. *Southern Railway Co.,* 113 *Ga.* 327(4) (38 S. E. 749). I think that the court erred in dismissing the petition on demurrer.