(96 South. 632)

## ATLAS PORTLAND CEMENT CO. v. SHARPE. (6 Div. 861.)

(Supreme Court of Alabama. May 10, 1923.)

1. **Explosives** $\Longleftrightarrow$ 12—**Complaint held to sufficiently aver negligent use of explosives without alleging defendant's knowledge of danger.**

A complaint alleging that defendant caused or permitted to be fired in a rock quarry, in proximity to the town in which plaintiff's property was, a heavy charge of dynamite, specifying the quantity of explosive and alleging the damage done to plaintiff's property thereby, and followed with an allegation that the damages were the proximate consequence and caused by reason of the negligence of the defendant, was a sufficient allegation of negligence without alleging that the defendant knew or should have known that plaintiff's premises were, in a place where they would probably be injured.

2. **Evidence** $\Longleftrightarrow$ 243(2), 471(24)—**Opinion of corporation superintendent, as to cause of injury to plaintiff's premises by explosives and narration of facts, inadmissible.**

In an action for the damage of property by the negligent use of high explosives adjacent to town, testimony of plaintiff as to what defendant's superintendent said, several days after the fact, about the manner and cause of the injury to plaintiff's property, was inadmissible, as in part the mere opinion of such superintendent, and in other part the mere narration of a past occurrence.

3. **Explosives** $\Longleftrightarrow$ 12—**Exclusion of testimony as to damage by other blasts error.**

In an action for damage to plaintiff's property caused by large quantities of high explosive used near town, where defendant's testimony tended to show that other charges of explosives as great as, or greater than, the charge from which plaintiff claimed injury, had been fired without damage to property, it was error to exclude testimony of defendant's superintendent that it was part of his duty at the quarry where the explosive was used to look around and have reports made to him whether injury had been done, as tending to show the exercise of due care based on defendant's observation and experience in the business of blasting at that place, such testimony also tending to confirm such superintendent's testimony that he had not known or heard of injury being caused by other blasts of equal or greater force.

Appeal from Circuit Court; Jefferson County; J. Q. Smith, Judge.

Action for damages by M. J. Sharpe against the Atlas Portland Cement Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

The declaration of an agent against his principal as to a past transaction is not ad-

missible in evidence against the principal. Mobile L. & R. Co. v. Baker, 158 Ala. 491, 48 South. 119; M. & C. R. Co. v. Womack, 84 Ala. 149, 4 South. 618; Bank v. Taylor, 196 Ala. 665, 72 South. 264; Tenn. Co. v. Kavanaugh, 93 Ala. 324, 9 South. 395; Chewning v. Ensley Ry. Co., 100 Ala. 493, 14 South. 204. One blasting on his own lands is not liable for injury to the premises of another, resulting from concussion of the atmosphere or shock, unless it is shown that the work was done negligently. Bessemer, etc., Co. v. Doak, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389; 11 R. C. L. 674; Hieber v. Cent. Ky. Tr. Co., 145 Ky. 108, 140 S. W. 54, 36 L. R. A. (N. S.) 54; Booth v. Rome, etc., Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; French v. Vix, 143 N. Y. 90, 37 N. E. 612.

Erle Pettus, of Birmingham, for appellee.

Where blasting is negligently done, liability attaches for injury caused thereby. Sloss Co. v. Salser, 158 Ala. 518, 48 South. 374; Birmingham Ore Co. v. Grover, 159 Ala. 276, 48 South. 682; Whaley v. Sloss Co., 164 Ala. 216, 51 South. 419, 20 Ann. Cas. 822; Harbison-Walker Ref. Co. v. Scott, 185 Ala. 645, 64 South. 547; Sloss Co. v. Prosch, 190 Ala. 290, 67 South. 516.

SAYRE, J. In amended count 1, upon which alone this cause went to the jury, plaintiff claimed damages for injuries done to his storehouse in the town of Leeds, alleging, to state the count in general terms, that defendant had caused the injuries complained of by negligently exploding a heavy charge of dynamite, to wit, 13,000 pounds, in its rock quarry in the neighborhood. Errors are assigned and argued upon the action of the trial court in overruling defendant's demurrer to the count and upon some rulings on questions of evidence.

[1] The court is of opinion that the demurrer to count 1 of the complaint was properly overruled. The count avers that defendant "caused or permitted to be fired in said rock quarry in proximity to the town of Leeds, Ala. (where plaintiff's property was, as the count averred) a heavy charge of dynamite, to wit, 13,000 pounds," alleges the damage done to plaintiff's property thereby, and then alleges that "said damages were the proximate consequence and caused by reason of the negligence of the defendant," in other words, characterizes defendant's act in firing the charge as negligently done. This was sufficient. In Birmingham Ore & Mining Co. v. Grover, 159 Ala. 276, 48 South. 682, the question involved was of defendant's duty to persons upon its premises, and the ruling was that the complaint should have

shown that defendant knew, or in the exercise of reasonable diligence should have known, that plaintiff was in a place where missiles from the blasting would probably reach and injure him. In other words, the complaint failed to charge defendant with knowledge or notice that plaintiff was on defendant's premises. Here the complaint was of injury to property in the neighborhood by causing great shock, and the pleader was properly allowed to state the facts, which in themselves may have been ambiguous, and draw the conclusion of negligence. Bessemer Co. v. Doak, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389.

[2] The statements elicited from plaintiff, testifying as a witness in his own behalf, as to what Lewis, defendant's superintendent, said, three or four days after the fact, about the manner and cause of the injury to plaintiff's property, should have been excluded. The statement by Lewis was in part a mere opinion, and in other part was a mere narration of a past occurrence, and for these reasons was inadmissible. Bank of Phœnix City v. Taylor, 196 Ala. 665, 72 South. 264; Danner Land Co. v. Stonewall Ins. Co., 77 Ala. 184; Ricketts v. Birmingham Street Rwy., 85 Ala. 600, 5 South. 353; Jones on Ev. § 357.

[3] Evidence for defendant tended to show that other charges of dynamite as great as, or greater than, the charge which plaintiff claimed had caused his injury had been fired at the quarry, and that defendant's superintendent had not observed or heard of injuries to property caused thereby. In this connection, it seems, defendant's superintendent should have been allowed to testify that it was a part of his duty at the quarry to look around and have reports made to him whether injury had been done—meaning on other occasions, evidently—as tending to show the exercise of due care based on defendant's observation and experience in the business of blasting at that point. Birmingham Railway v. Alexander, 93 Ala. 133, 9 South. 525; 25 C. J. 206. This testimony may have also performed a legitimate function in adding weight and significance to the witness' testimony that he had not known or heard of injury being caused by other blasts of equal or greater force.

Other assignments call for no special treatment. They are not likely to recur in their present shape, and we are not advised that error to reverse affected any of them.

For the errors noted, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.