(110 So. 805)

## MERCHANTS' BANK v. SHERMAN et al.
### (1 Div. 403.)

(Supreme Court of Alabama. Dec. 16, 1926.)

**1. Pleading ☞48—Matter pleaded in complaint must be sufficient to avail pleader and formally alleged or deduced.**

Matter pleaded or facts alleged in complaint must be sufficient, in law, to avail party pleading, and alleged or deduced according to forms of law.

**2. Pleading ☞8(8)—Breach of duty constituting cause of action may be averred as conclusion.**

Cause of action is made up of duty, which must be shown by facts alleged, and its breach, which may be averred by way of conclusion.

**3. Explosives ☞9—Reasonable care is required of seller of illuminating oils for resale.**

Under statute and public policy, seller of illuminating oils to dealers for resale to others owes duty to latter to exercise reasonable care not to sell oils of dangerously explosive nature or compound, as mixed with other minerals, gases, or oils.

**4. Explosives ☞9—Complaint held to charge violation of duty to retailer's customer injured by exploding illuminating oil sold by defendant.**

In action for death from explosion, complaint, alleging decedent's purchase from retailer and latter's purchase from defendant of dangerous mixture represented as ordinary kerosene, showed duty owing plaintiff by defendant, and violation thereof was sufficiently charged by general terms, as that dangerous substance was negligently mixed and sold.

**5. Explosives ☞9—Seller of illuminating oils to dealer owes duty of care to purchasers from dealer.**

Basis of liability, of seller of explosive mixtures to retailers' as illuminating oils, for injuries to purchasers from latter, rests on duty of all persons to do no unnecessary and negligent acts, in their nature dangerous to lives and safety of others.

**6. Explosives ☞9—Complaint showing seller's violation of duty, causing injury to dealer's customer, held sufficient, without alleging exploding oil was used.**

In action against seller of explosive mixture to dealer, as kerosene, for death of subsequent purchaser, complaint showing defendant's duty to deceased, violation thereof, and injury proximately resulting was sufficient, without alleging how or for what purpose dangerous agency was being used.

**7. Pleading ☞201—General grounds of demurrer to several counts of complaint cannot be sustained (Code 1923, § 9479).**

General grounds of demurrer directed to several counts of complaint cannot properly be sustained, under Code 1923, § 9479.

**8. Explosives ☞9—Seller, delivering for resale, without notice, more explosive oil than kerosene is liable for injury to subsequent purchaser, though use thereof was unusual or dangerous.**

Seller delivering for resale more dangerously explosive oil or substance, in lieu of kerosene sold, without apprising purchaser, is responsible in proportion to added dangerous quality for resulting injury to subsequent purchaser by explosion, whether or not latter's use thereof was unusual or dangerous.

**9. Explosives ☞9—Contributory negligence of one injured by exploding oil must be specially pleaded.**

Contributory negligence of one injured by explosion of mixture, purchased from retailer to whom sold by defendant as kerosene, must be specially pleaded, and need not be negatived in complaint.

**10. Explosives ☞9—Causal connection between negligence of seller of exploding illuminating oil and injury to retailer's customer held sufficiently alleged.**

Complaint alleging that plaintiff's intestate was burned to death, as proximate result of explosion of mixture purchased from named retailer as kerosene, that it was much more explosive than kerosene, that defendant negligently sold it to such retailer, and that such negligence was proximate cause of explosion and death sufficiently alleged causal connection between defendant's negligence and intestate's death.

**11. Explosives ☞9—Counts alleging nonobservance of repealed statutes regulating sale of illuminating oils held bad on demurrer (Code 1923, §§ 2715, 2716; Agricultural Code 1923 [Acts 1923, p. 445 et seq.]; Acts 1923, p. 127, §§ 2, 3).**

In action for death from explosion of dangerous mixture, purchased as kerosene from re-

---

tailer, to whom sold by defendants, counts directed to defendant's failure to observe statutes regulating sale of illuminating oils (Code 1923, §§ 2715, 2716) *held* bad on demurrer, in view of Agricultural Code 1923 (Acts 1923, p. 445 et seq.), repealing conflicting laws, under reservations in Acts 1923, p. 127, §§ 2, 3, adopting Code.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by the Merchants' Bank, as administrator of the estate of Effie Matthews, deceased, against Bert R. Sherman and others, individually and as copartners doing business under the firm name of Mobile Oil Company. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Reversed and remanded.

The first count of the amended complaint is as follows:

"First. The plaintiff claims of the defendants the sum of $50,000 for this, that on, to wit, the 25th day of January, 1925, in the city of Mobile, Effie Matthews, of whose estate the plaintiff is the administrator, was set fire to and burned to death by and as a proximate result of the explosion of a certain mixture which she had purchased from the St. Louis Street market as kerosene oil, kerosene oil being an illuminating oil, and which the defendants, who were then and there engaged in Mobile, Ala., in the business of selling kerosene and other oils, had *negligently* sold to the St. Louis Street market as kerosene, but which was in fact, and in truth, kerosene oil which *the defendants had negligently* mixed, or permitted to be mixed, with gasoline or some other foreign liquid or substance, by reason of which the said mixture was explosive in a dangerous and much higher degree than kerosene, and the plaintiff avers that the said negligence of the defendants was the proximate cause of the said explosion and of the death of the said Effie Matthews. Wherefore the plaintiff sues."

The *second count* of the amended complaint is identical with the first, except that the words "the defendants had negligently," italicized, are omitted and the word "was" substituted. The third count is identical with the first, except that the word "negligently," first italicized, is omitted.

Harry T. Smith & Caffey, of Mobile, for appellant.

One engaged in business of selling illuminating oils to retailers for resale, owes a duty to any purchaser from the retailer to exercise reasonable care not to sell as kerosene a dangerously explosive mixture of gasoline and kerosene. Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21; Waters-Pierce Oil Co. v. Deselms, 18 Okl. 107, 89 P. 212; Id., 212 U. S. 159, 29 S. Ct. 270, 53 L. Ed. 453; Ramsey v. Standard Oil Co., 186 N. C. 739, 120 S. E. 331; Ky. Ind. Oil Co. v. Schnitzler, 208 Ky. 507, 271 S. W. 570, 39 A. L. R. 979; Stone v. Sinclair Ref. Co., 225 Mich. 344, 196 N. W. 339.

The complaint showed a duty owing by the defendant to the plaintiff, and it was sufficient to charge a violation of that duty by alleging in general terms that the dangerous mixture was negligently sold and that this negligence proximately caused the death of plaintiff's intestate. Clinton Min. Co. v. Loveless, 204 Ala. 77, 85 So. 289; City Ice Co. v. Lecari, 210 Ala. 629, 98 So. 901; L. & N. v. Kelly, 198 Ala. 648, 73 So. 953; Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370; Wolf v. Smith, 149 Ala. 457, 42 So. 824, 9 L. R. A. (N. S.) 338; Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541; St. L. & S. F. v. Hicks, 19 Ala. App. 397, 97 So. 679; Burton & Sons v. May, 212 Ala. 435, 103 So. 46; Atlas Portland Cement Co. v. Sharpe, 209 Ala. 464, 96 So. 633. The complaint sufficiently alleges proximate causal connection. McCarthy v. Gulf Ref. Co., 26 Ga. App. 665, 107 S. E. 92. The counts charging a violation of the statute were not subject to demurrer. Code, 1923, §§ 2715, 2716; Peterson v. Standard Oil Co., 55 Or. 511, 106 P. 337, Ann. Cas. 1912A, 625; Farrell v. Miller Co., 147 Minn. 52, 179 N. W. 566; Ives v. Welden, 114 Iowa, 476, 87 N. W. 408, 54 L. R. A. 854, 89 Am. St. Rep. 379; 11 P. C. L. 705; Spencer v. Holt, 82 Okl. 280, 200 P. 187.

Armbrecht & Hand, of Mobile, for appellees.

In a complaint stating a cause of action for negligence, it is incumbent on the plaintiff to show by appropriate averments of fact that defendant owed him a duty, that there was a breach of said duty, and that injury resulted as a proximate consequence. The averment of facts from which the law raises a duty owing by defendant to plaintiff must be specific. Craig v. Baker, 85 Fla. 373, 96 So. 93; Western Ry. v. Madison, 16 Ala. App. 588, 80 So. 162; Crawford v. McMickens, 190 Ala. 102, 66 So. 712; Feore v. Trammel, 212 Ala. 325, 102 So. 529; Winterbottom v. Wright, 10 Mees & W. 109, 62 R. R. 534. The negligence or wrong complained of must be alleged and shown, by facts, to have proximately caused or contributed to the injury. Sloss Co. v. Smith, 166 Ala. 437, 52 So. 38; Mobile L. & R. Co. v. Harold, 20 Ala. App. 125, 101 So. 163. The general rule is that a manufacturer is not liable to third parties who have no contractual relation with him for the manufacture or sale of the articles delivered; and the complaint does not bring this case within the exceptions to the rule. Huset v. J. I. Case Threshing Mach. Co., 120 F. 865, 61 L. R. A. 303; E. I. Du Pont De Nemours Co. v. Duboise (C. C. A.) 236 F. 690; Craig v. Baker, supra; Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21.

THOMAS, J. The appellant took a nonsuit on account of the adverse rulings in sustaining demurrers to the several counts of the complaint.

The effect of the amended counts is that it is charged that the defendant negligently created a dangerous kerosene mixture and negligently sold the same to the St. Louis Street market, from whom the plaintiff purchased, in due course of business, and was injured by its explosion.

The second and third counts are rested, respectively, upon the charge of negligence in selling and negligence in mixing and selling the compound. These counts aver substantially the same facts as contained in the original counts 1, 2, and 5.

Original count 3 pleaded a violation of the state statute, requiring a tag showing the guaranteed degrees of the fire test of the oil; and count 4 alleges a violation of the law in selling a mixture of kerosene oil, without having submitted the same to the state chemist for inspection and written statement thereof, as required by section 2716 of the Code of 1923, before offering it for sale, etc.

[1, 2] The requirements of good pleading in complaints (Ala. F. & I. Co. v. Bush, 204 Ala. 658, 86 So. 541), and pleas (Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933) have been differentiated and often stated by this court. The general rule of statement required of complaints is:

" * * * The matter pleaded or facts alleged must be (1) sufficient in law to avail the party who pleads it, and (2) alleged or deduced according to the forms of law. Will's Gould on Pleading, pp. 2, 3, 192, 361. A cause of action is made up of a duty and its breach. The duty—the relationship from which the duty springs—must be shown by the facts alleged; and the breach of the duty be averred by way of a conclusion. B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 143, 77 So. 565; B. R. L. & P. Co. v. Cockrum, 179 Ala. 372, 376, 381, 60 So. 304: Johnson v. B. R. L. & P. Co., 149 Ala. 529, 43 So. 33; Long v. Addix, 184 Ala. 236, 63 So. 982; T. C. I. & R. Co. v. Moore, 194 Ala. 134, 69 So. 540; T. C. I. & R. Co. v. Smith, 171 Ala. 251, 255, 55 So. 170; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; So. Ry. Co. v. Williams, 143 Ala. 212, 217, 38 So. 1013."

[3] The relation of privity of the parties and the declared purpose of the statute or public policy in the premises is that one engaged in selling illuminating oils to dealers for resale is in duty bound to such purchasers to exercise a reasonable amount of care not to sell such oils as are of a dangerously explosive nature or compound, as mixed with other minerals, gases or oils. Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21; Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 29 S. Ct. 270, 53 L. Ed. 453.

[4] The plaintiff, having alleged a purchase from a retailer of the dangerous mixture as illuminating oil, and that said retailer had purchased it from the defendant, both sales being of the commodity represented as ordinary kerosene, in the matter of such sales, there is shown a duty owing to the plaintiff by the defendant. It followed that the duty being specifically charged, it was sufficient to charge the violation of that duty by general terms, as, that said dangerous mixture was negligently mixed or negligently permitted to be mixed and negligently sold. Ala. F. & I. Co. v. Bush, 204 Ala. 658, 659, 86 So. 541; Shelby Iron Co. v. Morrow, 209 Ala. 116, 118, 95 So. 370; Burton & Sons v. May, 212 Ala. 435, 103 So. 46; City Ice Co. v. Lecari, 210 Ala. 629, 98 So. 901; Atlas Port. Cement Co. v. Sharpe, 209 Ala. 464, 96 So. 632.

The proximate causal connection is sufficiently shown. In Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 178, 29 S. Ct. 270, 276, 53 L. Ed. 453, 463, Mr. Justice White quoted from National Sav. Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621, the illustration:

"Pharmacists or apothecaries who compound or sell medicines, if they carelessly label a poison as a harmless medicine, and send it so labeled into the market, are liable to all persons who, without fault on their part, are injured by using it as such medicine, in consequence of the false label; the rule being that the liability in such a case arises, not out of any contract or direct privity between the wrongdoer and the person injured, but out of the duty which the law imposes on him to avoid acts in their nature dangerous to the lives of others. He is liable, therefore, though the poisonous drug with the label may have passed through many intermediate sales before it reached the hands of the person injured. [179] Thomas v. Winchester, 6 N. Y. 397, 410, 57 Am. Dec. 455."

The Chief Justice then makes observation that:

" * * * The same principle was applied to a sale of dangerous oil in Wellington v. Downer Kerosene Oil Co., 104 Mass. 64, where it was said: 'It is well settled that a man who delivers an article which he knows to be dangerous or noxious, to another person, without notice of its nature and qualities, is liable for any injury which may reasonably be contemplated as likely to result, and which does, in fact, result, therefrom, to that person or any other who is not himself in fault.' And the like doctrine has been expounded in many cases. See, especially, Elkins v. McKean, 79 Pa. 493, and Weiser v. Holzman, 33 Wash. 87, 73 P. 797, 99 Am. St. Rep. 932, where the doctrine is clearly and forcibly stated and the many authorities sustaining the same are cited. In view of the tendencies of the proof as to the entire absence of knowledge by Powers & Deselms, when purchasing from the oil company, and the ignorance of Deselms when he bought from the firm, of the character of the fluid, it is certain that, in the case before us, the act of the oil company, in any view, was the proximate cause of the accident, as no other independent and efficient cause or wrong can be legally said to have occasioned the same. The G. R. Booth, 171 U. S. 450, 19 S. Ct. 9, 43 L. Ed. 234.

"But, because we confine ourselves to the particular facts of the case before us, we must not be understood as holding, in view of the dangerous character of the fluid and the putting of the

same upon the market by the oil company, with the expectation that it would be retailed to the public, and the violation of the statutory regulations and prohibition concerning the sale of such article, that under the general principles of law sustained by the authorities already cited, a recovery against the oil company might not have been justified, even if the proof had established that Powers & Deselms had been informed by the oil company of the dangerous character of the mixture. See, further, Clement v. Crosby & Co., 148 Mich. 293, 111 N. W. 745, 10 L. R. A. (N. S.) 588 [12 Ann. Cas. 265], and Stowell v. Standard Oil Co., 139 Mich. 18, 102 N. W. 227, and authorities cited in both cases."

[5, 6] The basis of liability is rested upon the duty of all persons to do no unnecessary and negligent acts in their nature dangerous to the lives and safety of others. National Savings Bank v. Ward, 100 U. S. 195, 208, 25 L. Ed. 621; Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 29 S. Ct. 270, 53 L. Ed. 453. The duty being shown and violated, the injury having proximately resulted, as alleged in the counts, the several necessary elements of liability are shown without any allegations how the dangerous agency was being used, or was being used for one purpose rather than for another.

[7] The general grounds of demurrer directed to the several counts of the complaint could not properly be sustained. Code of 1923, § 9479; Bevis v. Gay, 212 Ala. 525, 103 So. 555; Corona, etc., Co. v. Sexton, 213 Ala. 554, 105 So. 718; Brenard Mfg. Co. v. Pearson, 213 Ala. 675, 106 So. 171; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801.

[8, 9] The duty that rests upon those who make and sell inflammable commodities, as kerosene, is not to make them unduly explosive by mixing with foreign substances and creating a dangerous explosive. That is to say, the duty of the seller of kerosene is not to deliver for sale, in lieu of kerosene, a more dangerously explosive oil or substance, and in so doing, without apprising the purchaser, becomes responsible in proportion to the added dangerous quality of the compound. And if injury results by reason of an explosion, due to the fact that the seller has negligently and wrongfully delivered for resale a dangerously explosive substance or mixture, in lieu of that which he sold, the liability of the first seller does not depend upon the fact of whether the use to which the article is subjected was usual or unusual, or whether the use was or not dangerous, but upon the fact that a negligent or wrongful act, which, in nature, was dangerous to the lives of others, has been done or permitted by one charged with the duty of due care and skill, and that to give notice or to warn of the dangerous nature of the article sold or substituted in lieu of that which he sold the retail merchant. Such liability rests upon the fact of negligence on the seller's part in delivering an article different and of a more dangerous nature from that sold, whether this negligence was the proximate cause of the injury that resulted, and whether the purchaser was guilty of contributing negligence. The last named must be especially pleaded and not required to be negatived in the complaint. Boyette v. Bradley, 211 Ala. 370, 100 So. 647.

[10] The many grounds of demurrer are to the effect that the negligence of the defendant was the proximate cause of the explosion and injury. However, it is alleged that plaintiff's intestate "was set fire to and burned to death by and as a proximate result of the explosion of a certain mixture, which she had purchased from the St. Louis Street market as kerosene," that this mixture was gasoline and kerosene, which "was explosive in dangerous and much higher degree than kerosene," that the defendants negligently sold this dangerously explosive mixture to the St. Louis Street market, and "that the said negligence of the defendants was the proximate cause of the said explosion and the death" of plaintiff's intestate. This clearly stated that the plaintiff's intestate was set fire to and burned to death as the proximate result of the explosion of a certain mixture; that the defendants were offering kerosene for sale, and negligently mixed or permitted the kerosene which they were offering for sale to be mixed with gasoline, "by reason of which the said mixture was explosive in a dangerous and much higher degree than kerosene."

It is further alleged in each of these counts that the defendants "negligently sold to the St. Louis Street market as kerosene" this dangerous mixture, and "that the said negligence of the defendants was the proximate cause of the said explosion and of the death of the said Effie Matthews." It is the required allegation of causal connection and was sufficient. McCarthy v. Gulf Refining Co., 26 Ga. App. 665, 107 S. E. 92; Clinton Mining Co. v. Loveless, 204 Ala. 77, 85 So. 289; City Ice Co. v. Lecari, 210 Ala. 629, 98 So. 901; L. & N. R. R. v. Kelly, 198 Ala. 648, 73 So. 953; Shelby Iron Co. v. Morrow, 209 Ala. 116, 118, 95 So. 370; Wolf v. Smith, 149 Ala. 457, 460, 42 So. 824, 9 L. R. A. (N. S.) 338; Ala. Fuel Co. v. Bush, 204 Ala. 658, 659, 86 So. 541; St. L. & S. F. Ry. v. Hicks, 19 Ala. App. 397, 97 So. 679; Burton & Sons v. May, 212 Ala. 435, 103 So. 46; Atlas Portland Cement Co. v. Sharpe, 209 Ala. 464, 96 So. 632.

[11] The counts, directed to the failure of the observance of the statutes regulating the sale of illuminating oils (sections 2715, 2716, Code of 1923), if contrary to the statutes, averred the facts showing the defendants were per se negligent and carried averments that such violations of statutory duty proximately caused the death of plaintiff's intes-

tate. This was sufficient, if sections 2715 and 2716 of the Code of 1923 were of force. However, the provisions of the Agricultural Code, approved September 27, 1923 (Acts 1923, p. 445 et seq.) and which went into effect October 21st thereafter, repealed all laws in conflict under the reservations contained in the act of August 17, 1923, adopting the Code (sections 2, 3, Acts 1923, p. 127). Demurrers were properly sustained to counts 3 and 4.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.