[No. 21935. Department Two. September 4, 1929.]

C. H. FORNEY, *as Administrator, Appellant*, v. GEORGE L. SEARS, *Respondent*.[1]

*Bates & Peterson, Gilbert E. Peterson* and *Forney & Ponder*, for appellant.

*Hull & Murray*, for respondent.

MAIN, J.—This action was brought to recover for the death of Baker N. Sheets, alleged to have been due to the negligence of the defendant. To the amended complaint, which will be referred to as the complaint,

[1]Reported in 280 Pac. 56.

a demurrer was interposed and sustained by the trial court. The plaintiff refused to plead further and elected to stand upon the complaint, and from the judgment entered dismissing the action, he appeals.

The facts, as alleged in the complaint, may be summarized as follows: The respondent, George L. Sears, owned and conducted a drug store in the city of Chehalis under the name of the George L. Sears Drug Company. One Mrs. M. Pierce was a resident of the same city. Baker N. Sheets lived in the home of Mrs. Pierce. Sometime in March, 1927, Mrs. Pierce purchased from the respondent, at his place of business, a quantity of sodium fluoride, which was in a pasteboard box or container and was labeled "sodium fluoride." March 1, 1928, Baker N. Sheets purchased from the respondent a certain preparation or non-poisonous drug commonly known as "salts," which he delivered to Mrs. Pierce. On the morning of March 16, 1928, Sheets, being desirous of taking a dose of the preparation or drug known as "salts," sought for the same and found, instead thereof, the container filled with sodium fluoride. He took a dose of this, and, during the afternoon of the same day, died.

Sodium fluoride and salts have a similar appearance, and the containers in which they were placed were much alike. It is alleged that sodium fluoride is an uncommon drug, the poisonous character of which is not known to the public generally, but only to druggists, physicians and chemists. It is not alleged in the complaint that the sodium fluoride was sold to Mrs. Pierce as a medicine, or that it is ever used as such. The respondent is charged with being negligent in that he did not label the sodium fluoride as a poison. The question, generally stated, is whether the respondent was guilty of negligence in not labeling the sodium fluoride as being a poison.

■ Section 2508, Rem. Comp. Stat., provides that it shall be unlawful for any person to sell at retail any of the poisons named in the schedules thereinafter set out without affixing or causing to be affixed to the bottle, box, vessel or package, a label containing the name of the article and the word "poison." In the schedules referred to, which are a part of the same section, sodium fluoride is not mentioned as one of the things which must be labeled as a poison. There was, therefore, no statutory duty imposed on the respondent to so label the sodium fluoride when he sold it to Mrs. Pierce, and we do not understand the appellant to so contend.

■ The question, more precisely stated, is whether, under the common law, there was any duty imposed on the respondent to label the sodium fluoride as a poison. When Mrs. Pierce made the purchase, she got exactly what she desired, and it was so labeled. She, impliedly at least, represented to the dealer that she knew its properties and uses and was a fit person to whom the sale could be made.

In 9 R. C. L., p. 705, the rule is stated as follows:

"While the law is clear that where a druggist negligently gives a poisonous drug to a person, for the purpose of being swallowed by him, and such drug is so swallowed and produces injury, the druggist is liable for the injury unless the injured person was also guilty of negligence which contributed to the injury, a different question is presented where the druggist sells a dangerous drug, properly labeled, whose properties are known, without any instructions as to its use. In such a case the rule deducible from reason and from the authorities is that when a person who has reached the age of discretion, and who is apparently in the possession of his mental faculties, applies to a druggist for a certain drug, he represents to the dealer, by implication at least, that he knows its properties and uses, and that he is a fit person to whom sale thereof

may be made. Consequently unless there is something connected with the transaction, or something previously known to the seller, indicating that the would-be purchaser cannot safely be intrusted with the substance, a sale of it may be made without explaining its properties or the manner in which it may be safely used or handled; and under such circumstances the seller is not liable in damages for injuries to the purchaser resulting from the improper use or handling of the article, no matter how little knowledge the purchaser may in fact have had of its properties, or of the danger attending its use.''

In *Gibson v. Torbert,* 115 Iowa 163, 88 N. W. 443, 91 Am. St. 147, 56 L. R. A. 98, after a comprehensive review of the authorities, it is said:

''We believe that the true rule deducible from reason and from authorities is that when a person has reached the age of discretion, and who is apparently in the possession of his mental faculties, applies to a druggist for a certain drug, he represents to the dealer, by implication, at least, that he knows its properties and uses, and that he is a fit person to whom sale thereof may be made, and that unless there is something connected with the transaction, or something previously known to the seller, indicating that the would-be purchaser cannot safely be intrusted with the substance, a sale of the substance called for may be made without explaining its properties or the manner in which it may be safely used or handled, and that, under such circumstances, the seller is not liable in damages for injuries to the purchaser resulting from the improper use or handling of the article, no matter how little knowledge the purchaser may in fact have had of its properties, or of the manner in which it could not be safely used or handled. It appears clear to us that the vender's legal duty to such a purchaser can go no further than to give him the identical substance he calls for.''

The case of *Weiser v. Holzman,* 33 Wash. 87, 73 Pac. 797, 99 Am. St. 932, much relied on by the appellant, is not the same as the case now before us. In that

case, a dealer sold, under the name of "champagne cider," a dangerous explosive, knowing it to be such, without warning the purchaser of its dangerous character or placing on the bottle containing the substance anything to indicate that it was an explosive. What is said in the opinion in that case must be read in the light of the facts there stated. The distinction between that case and the present one is evident. There a dangerous explosive was given an innocent and misleading label. Here the article sold was that called for and was correctly labeled.

It must be remembered that this is not a case, (a) where a dangerous explosive has been sold without informing the purchaser of its properties and the danger attendant upon its use; (b) where a dangerous article has been wrongfully labeled as a substance which is not dangerous; (c) where there has been a violation of a statutory duty to label, or (d) where an article has been defectively manufactured and, when sold and put to the use that was intended, it breaks or explodes. Without reviewing the authorities cited by appellant in detail, it may be said that, from an examination of them, we find that they fall into none of the four classes just stated. Mrs. Pierce having got what she sought to purchase, and it being correctly labeled "sodium fluoride," and there being nothing to show that she was not a fit person to whom the sale could be made, it follows that the respondent did not fail in the performance of any legal duty imposed upon him.

The fact, as alleged in the complaint, that sodium fluoride had dangerous qualities which are not generally known except to druggists, physicians and chemists, does not take this case out of the rule of nonliability.

The judgment will be affirmed.

BEALS, PARKER, MILLARD, and FRENCH, JJ., concur.