153 So. 889

## BIRMINGHAM NEWS CO. v. BROWNE.
### 6 Div. 386.

Supreme Court of Alabama.
March 29, 1934.

R. B. Evins, of Birmingham, for appellant.

Perry & Powell, of Birmingham, for appellee.

BOULDIN, Justice.

The action is for false imprisonment.

Liability is sought to be fastened on the defendant under the doctrine of respondeat superior.

Plaintiff's evidence was to the effect that H. C. Knight, an agent or employee of defendant, was present at the time of arrest, identified plaintiff as the man wanted, and directed the police officers to lock him up.

Defendant's evidence was to the effect that Knight was not there, had no connection with the arrest whatever; that the officers acted solely on their own initiative, etc.

Here was a direct sharp conflict in the evidence on a vital issue in the case.

On redirect examination of plaintiff's witness Anderson, he testified: "I had a conversation with Mr. Knight with reference to this occurrence last summer out at Cascade Plunge."

Plaintiff's counsel then asked the witness: "What was the conversation that you had with Mr. Knight?" The witness answered: "I met Mr. Knight out there last summer, took the boys out to the Cascade. I told Mr. Knight that Mr. Browne wanted to see him. He said: 'Well, it won't do him a damn bit of good to see me, because I hope he doesn't win.' He says: 'He is as guilty as hell.' That was Knight talking about Browne. Asked what he wanted to see him about, and I told him I didn't know, that Browne I didn't know where he was located at the present time, or at that time, and he says: 'Well, he will have to hunt him up.'"

Appropriate objections were made to the question, and motion was made to exclude the answer. The court overruled the objections, also the motion to exclude, and the de-

fendant reserved an exception in each instance.

This was error to reverse.

■ The declarations of an agent as to past transactions of this character are not evidence against the principal. Only when a part of the res gestæ, or in a proper case, by way of impeachment of the witness, upon predicate duly laid, can such evidence be admitted. This rule has been long recognized and frequently applied in our cases. Alabama Great Southern Railroad Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Atlas Portland Cement Co. v. Sharpe, 209 Ala. 464, 96 So. 632; 2 Jones on Evidence, page 1741, § 944.

The suggestion of appellee that the answer was not responsive is not well taken. It was directly responsive.

In view of the sharp conflict in the testimony touching Knight's connection with the arrest, and his interest in the matter, we are not at all prepared to say this evidence was harmless, or without injury to defendant.

■ Appellant insists it was due the affirmative charge for want of evidence showing Knight was acting in the line and scope of his employment, if the jury should find he caused the arrest.

Knight was employed in the city circulation department of the Birmingham News. He had the title of district manager. The city circulation manager was the superior officer in this department. Knight's district covered a defined section of the city of Birmingham. He had an office where the daily papers were delivered to be by him distributed to the newsboys of his territory, and in a few cases to drug stores. His duties included looking after the collection of accounts for such papers.

It appears thefts of papers from some points in his territory had occurred. In such case, it was Knight's duty to report to his employer, and get the papers replaced. He had reported such thefts to police officers for attention.

It is not shown that any papers had been stolen the morning of this arrest, nor were claimed to have been stolen.

There is an entire want of evidence of any ground to suspect this plaintiff with having stolen papers at any time. Knight disclaims having any such suspicions, and of having anything to do with the arrest. .

Maybe, plaintiff's evidence in this record, different from that in the companion case this day decided,[1] tending to show the act of the officers in stopping him and his motorcycle on the street, the examination of a package of newspapers in plaintiff's possession, which were found not to be copies of the News, coupled with plaintiff's evidence that Knight was present directing the officers, and telling them that plaintiff and his brother, who was also arrested, were the men wanted, may lead to an inference that Knight was causing their arrest as suspected paper thieves, notwithstanding his testimony and that of the officers to the contrary, and notwithstanding, after finding the papers were not copies of the News, plaintiff and his brother were held and put in jail on a blanket charge of being suspicious characters.

Certainly nothing is shown giving any color or for an arrest as suspicious characters, held for investigation, other than for some connection with newspaper theft.

This court has had occasion in recent cases to consider the liability of business corporations for the acts of subordinate employees or agents in causing arrests.

■ Broadly speaking, arresting people for crime, or causing their arrest, is not an incident of the business committed to such agents as Knight, and, unless expressly, or by implication from acquiescence in a known course of conduct, the master has conferred such authority, it is not in the line or scope of his employment.

■ The custody of the master's property under conditions here disclosed confers some duty and authority in preventing loss by theft. This may extend to pursuit and recapture, or reporting the facts to public officers for investigation and action in their public capacity.

But it does not, in the absence of special authorization, confer authority on such agents to assume the functions of the public officer, and direct the arrest of persons on suspicion of past crimes or offenses.

■ Such acts are wholly without the line and scope of employment. Acts in furtherance of the master's business mean, not such acts as a servant may conceive to be in protection of the master's interest, but acts within the line and scope of the business committed to such agent. These distinctions are all important. The doctrine of respondeat superior would be intolerable without them.

We conclude there was no evidence that Knight was acting within the line and scope

of his employment, if himself guilty, as claimed by plaintiff.

` The affirmative charge was due defendant. Southern R. Co. v. Beaty, 212 Ala. 608, 103 So. 658; Daniel v. Goodyear Tire & Rubber Co., 225 Ala. 446, 143 So. 449; Hardeman v. Williams, 150 Ala. 415, 43 So. 726, 10 L. R. A. (N. S.) 653; St. Louis-San Francisco R. Co, v. Robbins, 219 Ala. 627, 123 So. 12; Note 77 A. L. R. 930; 39 C. J. page 1282.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

