176 So. 887

## LOUISVILLE & N. R. CO. v. GERMANY.

### 6 Div. 64.

Court of Appeals of Alabama.

Oct. 5, 1937.

Rehearing Denied Nov. 9, 1937.

Chas. H. Eyster, of Decatur, and Gibson & Gibson, of Birmingham, for appellant.

Wm. A. Jacobs, of Birmingham, for appellee.

**BRICKEN, Presiding Judge.**

The complaint in this case contained one count wherein plaintiff (appellee) claimed of defendant (appellant) the sum of $3,000 as damages, alleging that a servant or agent of defendant, while acting within the line and scope of his employment, wrongfully shot plaintiff's intestate, a minor, whose father was dead, and that as a proximate result thereof he died on November 18, 1935. Lucy Germany, plaintiff, alleged that she was the mother of Cornelius Lewis, a minor, and that his father is dead. Also, that on the evening of November 7, 1935, her minor son was shot by an agent of the defendant, so that as a proximate consequence thereof the said Cornelius Lewis died on, to wit, the 18th day of November, 1935.

Defendant interposed demurrers to the complaint, which were overruled, and issue was joined upon the complaint by plea of the general issue, in short, by consent with leave to give in evidence as matter of defense any matters which would constitute a good defense if specially pleaded.

The trial resulted in a verdict for plaintiff for $750, and judgment was entered accordingly, from which this appeal was taken.

Upon this appeal there are numerous assignments of error. We are of the opinion, however, that the controlling questions may be confined to two propositions: (1) Was the deceased killed by an agent or servant of the defendant; and (2) was said agent or servant at the time acting within the line and scope of his duties as such agent or servant. Failure of necessary proof as to either of the foregoing propositions would necessitate a reversal here of the judgment of the lower court from which this appeal was taken.

Appellant insists it was entitled to the affirmative charge as to both propositions. We cannot so conclude as to proposition 1. There was some evidence to sustain the insistence of the plaintiff on that proposition, thus presenting a question for the jury, who are alone vested with the power to weigh the evidence and to accord thereto such probative force as they may determine and deem proper.

As to proposition 2, we have carefully and attentively read and considered the entire record and are of the opinion that plaintiff failed to meet the necessary burden of proof to establish the fact that the alleged agent or servant of defendant was at the time acting within the line and scope of his duties as such agent or servant. We are of the opinion that the material averment of agency is totally unsupported by even a scintilla of evidence in this case and to hold otherwise would necessitate a strained and unauthorized construction of the evidence adduced upon the trial of this case. That such proof is essential cannot be questioned. Birmingham News Co. v. Browne, 228 Ala. 414, 153 So. 889; Wells v. Henderson Land & Lbr. Co., 200 Ala. 262, 76 So. 28, L.R.A.1918A, 115; Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L.R.A.1915F, 516; Hardeman v. Williams, 169 Ala. 50, 53 So. 794; Palos Coal & Coke Co. v. Benson, 145 Ala. 664, 39 So. 727; Goodloe v. M. & C. R. R. Co., 107 Ala. 233, 18 So. 166, 29 L.R.A. 729, 54 Am.St.Rep. 67; Gilliam v. S. & N. Ala. R. Co., 70 Ala. 268, 270; Berryman v. Pennsylvania R. Co., 228 Pa. 621, 77 A. 1011, 30 L.R.A.(N.S.) 1049.

The verdict of the jury was contrary to law and against the weight of the evidence;

and, the ruling of the trial court overruling defendant's motion for a new trial was error to a reversal.

The judgment from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.